UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------------------X

STEPHANIE JOHNSON,

                                Plaintiff,

      -against-

CITY OF NEW YORK, Individually, JONATHON PACHEO, Individually, ROBERTO GUTIERREZ, Individually, RICHARD PODLOVITS, Individually, and JOHN and JANE DOE 1 through 10, Individually, (the names John and Jane Doe being fictitious, as the true names are presently unknown),

                                Defendants.

-------------------------------------------------------------------------------X

**AMENDED COMPLAINT**

16 CV 9561 (LAP)

<u>Jury Trial Demanded</u>

      Plaintiff STEPHANIE JOHNSON, by her attorneys, Brett H. Klein, Esq., PLLC, complaining of the defendants, respectfully alleges as follows:

## **Preliminary Statement**

      1.      Plaintiff brings this action for compensatory damages, punitive damages and attorneys' fees pursuant to 42 U.S.C. §§1983 and 1988 for violations of her civil rights, as said rights are secured by said statutes and the Constitution of the United States.

## **JURISDICTION**

      2.      This action is brought pursuant to 42 U.S.C. §§ 1983 and 1988, and the Fourth and Fourteenth Amendments to the United States Constitution.

      3.      Jurisdiction is founded upon 28 U.S.C. §§1331 and 1343.

## **VENUE**

      4.      Venue is properly laid in the Southern District of New York under 28 U.S.C. § 1391(b), in that this is the District in which the claim arose.

## JURY DEMANDS

5.     Plaintiff respectfully demands a trial by jury of all issues in this matter pursuant to Fed. R. Civ. P. 38 (b).

## PARTIES

6.     Plaintiff STEPHANIE JOHNSON is a fifty-six-year-old African American female veteran who resides in supportive housing for veterans located in the Bronx, New York.

7.     Defendant CITY OF NEW YORK was and is a municipal corporation duly organized and existing under and by virtue of the laws of the State of New York.

8.     Defendant CITY OF NEW YORK maintains the New York City Police Department (hereinafter referred to as "NYPD"), a duly authorized public authority and/or police department, authorized to perform all functions of a police department as per the applicable sections of the aforementioned municipal corporation, CITY OF NEW YORK.

9.     That at all times hereinafter mentioned, the individually named defendants JONATHON PACHEO, ROBERTO GUTIERREZ, RICHARD PODLOVITS, and JOHN and JANE DOE 1 through 10, were duly sworn police officers of said department and were acting under the supervision of said department and according to their official duties.

10.    That at all times hereinafter mentioned the defendants, either personally or through their employees, were acting under color of state law and/or in compliance with the official rules, regulations, laws, statutes, customs, usages and/or practices of the State of New York and/or the City of New York.

11.    Each and all of the acts of the defendants alleged herein were done by said defendants while acting within the scope of their employment by defendant CITY OF NEW

YORK.

## FACTS

12. Plaintiff STEPHANIE JOHNSON is a fifty-six-year old African American disabled veteran, who resides in supportive housing for veterans, located at 355 E. 194th Street, Bronx, New York.

13. On the morning of February 5, 2016, plaintiff met with a psychiatrist at her residence after learning that she may have breast cancer.

14. Plaintiff expressed to the psychiatrist that she was upset about this news and felt like drinking herself into a stupor.

15. Although upset, plaintiff was not suicidal and did not express suicidal ideations to the psychiatrist.

16. The psychiatrist nevertheless reported that plaintiff was a danger to herself, resulting in NYPD officers from the 52nd Precinct, including but not limited to defendant officers JONATHON PACHEO, ROBERTO GUTIERREZ, and RICHARD PODLOVITS, responding to plaintiff's residence at approximately 11:30 a.m. that morning.

17. The defendant officers knocked on plaintiff's apartment, number 2A.

18. Plaintiff spoke to the officers through her door, indicating that she was fine and did not wish to go with them.

19. The officers continued to bang on her door despite her reassurances that she was fine.

20. Plaintiff then opened her door partway and again indicated that she did not wish to go with them.

21. Although the responding defendant officers had an opportunity to observe plaintiff was in fact fine and that plaintiff was not acting violently or threatening to harm herself, the defendant NYPD officers unnecessarily and unreasonably pushed in the door, and without issuing any verbal warnings, attempting to isolate and contain or otherwise follow proper procedure under such circumstances, or otherwise trying to negotiate with plaintiff, immediately grabbed plaintiff, tackled her to the ground face first, and held her on the ground with knees in her back and a hand holding her neck and face down into the floor.

22. As a result of the defendant officers' improper and unreasonable use of force, plaintiff's face struck the floor and she began to bleed profusely.

23. Plaintiff sustained physical injuries, including a laceration to the right upper outer aspect of her eyebrow.

24. After unreasonably subjecting plaintiff to the above described force and injuring her as a result, defendant officers handcuffed her and transported her to Jacobi Medical Center.

25. At Jacobi Medical Center, plaintiff received treatment for the laceration to her eyebrow, including sutures, and was examined and released after medical professionals at Jacobi correctly confirmed that plaintiff was not a suicide risk.

26. Defendants JONATHON PACHEO, ROBERTO GUTIERREZ, RICHARD PODLOVITS, and JOHN and JANE DOE 1 through 10 participated in, supervised, or were present or otherwise aware of the above described improper uses of force and yet failed to intervene despite a meaningful opportunity to do so

27. The defendant officers' conduct was not warranted insofar as plaintiff was not acting in a manner that indicated she was an immediate danger to herself or others.

28. Furthermore, the defendant officers' conduct was not in accordance with established protocols for interacting with purported emotionally disturbed persons (hereinafter "EDPs").

29. Specifically, NYPD Patrol Guide Section 216-05 sets forth NYPD protocol concerning interactions with "Mentally Ill or Emotionally Disturbed Persons."

30. The stated purpose of Section 216-05 is to "safeguard a mentally ill or emotionally disturbed person who does not voluntarily seek medical assistance."

31. The "Scope" of Section 216-05 states: "If an EDP is not immediately dangerous, the person should be contained until assistance arrives. . . . When there is time to negotiate, all the time necessary to ensure the safety of all individuals will be used."

32. Section 216-05, subsection 1(c) further directs that that officers should isolate and contain an EDP, while waiting for the arrival of a patrol supervisor and Emergency Service Unit personnel, and should not attempt to take an EDP into custody without specific direction of a supervisor.

33. The NYPD has also prepared training materials that elaborate upon these sections of the Patrol Guide. For example, in one such set of training materials entitled "Police Student's Guide: Policing the Emotionally Disturbed" (New York Police Department, 2009), the NYPD advised the following:

- EDP's should be treated with patience and understanding. They should not be forcibly handled unless it is clear there is no other way to meet your responsibility to protect life."

- "Never use force or threat of force against an EDP unless there is no other

      way to protect life against imminent danger."

- "Officers should take as much time as necessary to take EDP's into custody. These are not situations to be rushed. Specially trained and equipped Emergency Service Unit ("ESU") officers will be automatically dispatched to respond to assignments involving EDP's . . . ."

- "Take as much time as you need to avoid injury to anybody: in these situations, time works to your advantage. Don't lose this advantage by rushing or forcing a confrontation."

- "In any case, when there is time to negotiate, take all the time necessary to insure the safety to all individuals concerned. Await the arrival of the supervisor and the [ESU] whenever no immediate action to prevent injury or death is required."

34. The defendant officers use of force against plaintiff was not in accordance with the aforementioned guidelines or training.

35. Despite the NYPD's preparation of written policies, protocols, guidelines and training materials with respect to interacting with EDPs, the NYPD has a custom and practice of failing to adequately supervise and train officers with respect to such interactions which is so persistent and widespread as to carry the force of law.

36. Plaintiff's injuries were a direct result of the unconstitutional policy, custom or practices of the City of New York of failing to adequately supervise and train officers regarding protocols for interacting with individuals designated as EDPs.

37. As a result of this failure, the defendant officers in this case failed to follow

6

protocol and caused injuries to plaintiff.

38. The aforesaid event is not an isolated incident. Defendant CITY OF NEW YORK is aware from lawsuits, notices of claims, and complaints field with the NYPD's Internal Affairs Bureau, and the CITY OF NEW YORK'S Civilian Complaint Review Board that many NYPD officers, including from the defendant officers' precinct, are insufficiently trained regarding interacting with EDPs.  *See e.g.* https://www.dnainfo.com/new-york/20150708/fordham/nypd-officers-beat-autistic-teen-front-of-his-home-lawsuit-says.

39. Defendant CITY OF NEW YORK is further aware that such improper training has often resulted in a deprivation of civil rights.  Despite such notice, defendant CITY OF NEW YORK has failed to take corrective action.

40. This failure to train and supervise NYPD officers caused the officers in the present case to violate the plaintiff's civil rights.

41. All of the aforementioned acts of defendants, their agents, servants and employees were carried out under the color of state law.

42. All of the aforementioned acts deprived plaintiff STEPHANIE JOHNSON, a member of a racial minority, of the rights, privileges and immunities guaranteed to citizens of the United States by the Fourth and Fourteenth Amendments to the Constitution of the United States of America, and in violation of 42 U.S.C. § 1983.

43. The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers, with the entire actual and/or apparent authority attendant thereto, and with the intent to discriminate on the basis of race.

44. The acts complained of were carried out by the aforementioned individual

defendants in their capacities as police officers, pursuant to the customs, usages, practices, procedures, and the rules of the CITY OF NEW YORK and the New York City Police Department, all under the supervision of ranking officers of said department.

45. Defendants, collectively and individually, while acting under color of state law, engaged in conduct that constituted a custom, usage, practice, procedure or rule of the respective municipality/authority, which is forbidden by the Constitution of the United States.

46. As a result of the foregoing, plaintiff sustained, *inter alia*, physical injuries, emotional distress, embarrassment, humiliation, and deprivation of her constitutional rights.

**Federal Claims**

**AS AND FOR A FIRST CAUSE OF ACTION**
(Excessive Force under 42 U.S.C. § 1983)

47. Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "46" with the same force and effect as if fully set forth herein.

48. The level of force employed by defendants was excessive, objectively unreasonable and otherwise in violation of plaintiff STEPHANIE JOHNSON'S constitutional rights.

49. As a result of the aforementioned conduct of defendants, plaintiff STEPHANIE JOHNSON was subjected to excessive force and sustained physical and emotional injuries.

50. As a result of the foregoing, plaintiff STEPHANIE JOHNSON is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

### AS AND FOR A SECOND CAUSE OF ACTION
(Failure to Intervene under 42 U.S.C. § 1983)

51. Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "50" with the same force and effect as if fully set forth herein.

52. Defendants had an affirmative duty to intervene on behalf of plaintiff, whose constitutional rights were being violated in their presence by other officers.

53. The defendants failed to intervene to prevent the unlawful conduct described herein.

54. As a result of the foregoing, plaintiff was subjected to excessive force, her liberty was restricted for an extended period of time, she was put in fear of her safety, she was humiliated and subjected to handcuffing and other physical restraints, arrested, and maliciously issued process.

55. As a result of the foregoing, plaintiff STEPHANIE JOHNSON is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

### AS AND FOR A THIRD CAUSE OF ACTION
(Supervisory Liability under 42 U.S.C. § 1983)

56. Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "55" with the same force and effect as if fully set forth herein.

57. The supervisory defendants personally caused plaintiff's constitutional injury by being deliberately or consciously indifferent to the rights of others in failing to properly supervise and train their subordinate employees.

58. As a result of the foregoing, plaintiff STEPHANIE JOHNSON is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

**AS AND FOR A FOURTH CAUSE OF ACTION**
(Municipal Liability under 42 U.S.C. § 1983)

59. Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "58" with the same force and effect as if fully set forth herein.

60. Defendants, collectively and individually, while acting under color of state law, engaged in conduct that constituted a custom, usage, practice, procedure or rule of the respective municipality/authority, which is forbidden by the Constitution of the United States.

61. The aforementioned customs, policies, usages, practices, procedures and rules of the New York City Police Department included, but were not limited to, failing to properly train and supervise officers with respect to interactions with EDPs. As a result of the failure of the CITY OF NEW YORK to properly recruit, screen, train, discipline, and supervise its officers, including the individual defendants, defendant CITY OF NEW YORK has tacitly authorized, ratified, and has been deliberately indifferent to, the acts and conduct complained of herein.

62. The foregoing customs, policies, usages, practices, procedures and rules of the CITY OF NEW YORK and the New York City Police Department constituted deliberate indifference to the safety, well-being and constitutional rights of plaintiff.

63. The foregoing customs, policies, usages, practices, procedures and rules of the CITY OF NEW YORK and the New York City Police Department were the direct and proximate cause of the constitutional violations suffered by plaintiff as alleged herein.

64. The foregoing customs, policies, usages, practices, procedures and rules of the CITY OF NEW YORK and the New York City Police Department were the moving force behind the Constitutional violations suffered by plaintiff as alleged herein.

65. As a result of the foregoing customs, policies, usages, practices, procedures and rules of the CITY OF NEW YORK and the New York City Police Department, plaintiff STEPHANIE JOHNSON was subjected to excessive force.

66. Defendants, collectively and individually, while acting under color of state law, were directly and actively involved in violating plaintiff's constitutional rights.

67. All of the foregoing acts by defendants deprived plaintiff of federally protected rights, including, but not limited to, the right:

    A.    To be free from excessive force; and

    D.    To be free from the failure to intervene.

68. As a result of the foregoing, plaintiff STEPHANIE JOHNSON is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

**WHEREFORE**, plaintiff demand judgment and pray for the following relief, jointly and severally, against the defendants:

(A)  full and fair compensatory damages in an amount to be determined by a jury;

(B)  punitive damages against the individual defendants in an amount to be determined by a jury;

(C)  reasonable attorneys' fees and the costs and disbursements of this action; and

(D)  such other and further relief as appears just and proper.

Dated: New York, New York
April 9, 2018

>BRETT H. KLEIN, ESQ., PLLC
>Attorneys for Plaintiff STEPHANIE JOHNSON
>305 Broadway, Suite 600
>New York, New York 10007
>(212) 335-0132
>
>By:   s/ Brett H. Klein
>        BRETT H. KLEIN (BK4744)

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------------------X

STEPHANIE JOHNSON,

                                        Plaintiff,

                                                                                                    16 CV 9561 (LAP)

      -against-

CITY OF NEW YORK, Individually, JONATHON PACHEO,
Individually, ROBERTO GUTIERREZ, Individually,
RICHARD PODLOVITS, Individually, and JOHN and JANE
DOE 1 through 10, Individually, (the names John and Jane Doe
being fictitious, as the true names are presently unknown),

                                       Defendants.

------------------------------------------------------------------------------X


## AMENDED COMPLAINT


**BRETT H. KLEIN, ESQ., PLLC**
Attorneys for the Plaintiff
305 Broadway, Suite 600
New York, New York 10007
(212) 335-0132