USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: _____

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

STEPHANIE JOHNSON,

    Plaintiff,

-against-

CITY OF NEW YORK et al.,

    Defendants.

No. 16 Civ. 9561 (LAP)

LORETTA A. PRESKA, Senior United States District Judge:

At the final pretrial conference held on January 13, 2020, the parties agreed and the Court ordered that:

1) Plaintiff's municipal liability claim is dismissed and the caption should be amended to remove the City of New York ("City") as a defendant.

2) Plaintiff is precluded from introducing evidence of any police officer's prior and/or subsequent disciplinary records and any lawsuits to which that officer was or currently is a party.

3) Plaintiff is precluded from eliciting testimony or suggesting that the individual defendants will be indemnified by the City.

4) Plaintiff is prohibited from referring to defense counsel as City attorneys.

5) Plaintiff is precluded from suggesting a specific dollar amount to the jury.

1

6) Plaintiff is precluded from referencing allegations of misconduct against other police officers in the news or using inflammatory terms to describe policy activity.

7) Plaintiff's counsel is barred from addressing the jury during trial with salutations.

8) Defendants are precluded from introducing evidence regarding a lawsuit arising from a slip and fall incident that occurred in the early 2000s.

At the pretrial conference, the Court reserved ruling on the parties' remaining motions in limine. The Court now rules on those motions as follows:

9) Plaintiff is precluded from introducing or referencing the NYPD Patrol Guide or Police Student Guide. Those policy documents do not create legal duties, see, e.g., Galapo v. City of N.Y., 95 N.Y.2d 568, 575 (N.Y. 2000) (noting that "the Patrol Guide does not prescribe the specific action to be taken in each situation encountered by individual officers, but rather is intended to serve as a guide for members of the Police Department"), and introducing them would substantially risk confusing the jury about the applicable standard for assessing whether defendants' conduct was unconstitutional.

10) Plaintiff may introduce evidence regarding her visit to the hospital for a headache the day after the incident,

2

as no special expertise is needed to evaluate whether an injury, rather than a hangover, might have caused the headache. See <u>Ulfik v. Metro-N. Commuter R.R.</u>, 77 F.3d 54, 59-60 (2d Cir. 1996) (finding that a causation expert was not needed for a jury to determine "that prolonged exposure to paint fumes would cause headache, nausea, and dizziness"). As noted in plaintiff's opposition brief, defendants' argument that a hangover could have caused the headache goes to the weight of the evidence, not its admissibility.

11) Defendants shall provide their proposed medical record redactions to plaintiff and, after conferring, the parties shall submit any disagreements on redactions to the Court for resolution.

12) Defendants may introduce evidence of plaintiff's prior knee injury and arthritis but not evidence of the associated lawsuit. Evidence regarding the knee injury is clearly relevant to determining whether plaintiff fell or was taken to the ground and does not present any substantial danger warranting its exclusion. See Fed. R. Evid. 401, 403.

13) Defendants may introduce evidence of plaintiff's psychiatric history. Defendants' actions in breaking down the door and allegedly taking plaintiff to the

3

ground were prompted by her psychiatrist's belief that she was imminently suicidal. The psychiatrist, who was present at plaintiff's home on the day of the incident, told police that plaintiff was a danger to herself and may have also shown them a note containing some of plaintiff's prior psychiatric history. To the extent plaintiff denies having been suicidal on the day of the incident, her psychiatric history is highly relevant to assessing the urgency of the situation and whether defendants' actions were justified or unreasonable.

14) Defendants may introduce evidence of plaintiff's ataxia, including the ataxia-related medical records from June/July 2014. As with her knee injury, evidence regarding plaintiff's ataxia is relevant to assessing whether she fell or was forcibly taken to the ground and does not present any substantial risk of unfair prejudice. Pursuant to the parties' agreement, defendants may also introduce evidence of plaintiff's alcohol abuse limited to the approximately two-month period prior to the incident.

15) Plaintiffs are precluded from eliciting testimony from Officers Connelly, Acosta, and Fermaint, and EMT Leonardo. The single issue to be decided in this case is whether plaintiff's injuries were caused by a fall or by

4

Officer Podlovits' use of excessive force. The precluded witnesses' deposition testimony makes clear that none of them can testify on that topic one way or the other. Their testimony therefore has negligible probative value and is excluded under Fed. R. Evid. 403 to avoid unnecessarily wasting time.

16) Plaintiff notes that if an incorrect statement in the medical records regarding the source of plaintiff's injury were redacted, there would be no need for EMT Leonardo's testimony. If all parties agree that the statement is incorrect, they may redact that statement.

The Clerk of the Court is directed to close the open motions [dkt. nos. 62, 63].

SO ORDERED.

Dated: New York, New York
January 22, 2020

*Loretta A. Preska*
LORETTA A. PRESKA
SENIOR UNITED STATES DISTRICT JUDGE